**IN THE COURT OF APPEALS OF IOWA**

No. 15-1415
Filed February 10, 2016

**IN THE INTEREST OF T.W. AND T.L.,**
**Minor Children,**

**T.W., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Johnson County, Deborah F. Minot, District Associate Judge.

A father appeals the termination of his parental rights to his two children. **AFFIRMED.**

Zachary D. Crowdes of Crowdes Law Office, Cedar Rapids, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Anthony A. Haughton of Linn County Advocate Inc., Cedar Rapids, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his two children, born in 2011 and 2012.  He contends (1) the record lacks clear and convincing evidence to support the ground for termination cited by the district court, (2) he should have been afforded additional time to work towards reunification, and (3) termination was not in the children's best interests.

## I.    *Background Facts and Proceedings*

Our de novo review of the record reveals the following facts.  The Department of Human Services became involved with the family in 2012, based on domestic violence in the home and the presence of a marijuana metabolite in the younger child at birth.  In 2013, the department again intervened "due to concerns that the children were present during a domestic incident involving the parents."  The violence persisted and the children were removed from the parents' care in 2014.

The parents exercised visitation with their children and showed a bond with them.  In early 2015, they were approved for unsupervised overnight visits.  Shortly thereafter, however, law enforcement officers raided their home and discovered a large cache of marijuana.  The father admitted to smoking marijuana "all day every day," and admitted to selling the drug.  The department returned the parents to supervised visits.

Meanwhile, an arrest warrant was issued for the father.  The court ordered his visits suspended.

The State petitioned to terminate the parents' rights.  The juvenile court held two hearings, one for the mother and one for the father.  The court first

terminated the mother's parental rights, a decision this court affirmed on appeal. *See In re TW and TL*, No. 15-1336, 2015 WL 5969446, at *3 (Iowa Ct. App. Oct. 14, 2015). The court subsequently terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015). This appeal followed.

## II.  *Clear and Convincing Evidence*

The key question on appeal is whether the State proved the children could not be returned to the father's custody as required by Iowa Code section 232.116(1)(h). The father argues "[t]he major concerns in this case have been addressed and remedied and there is no longer a threat of safety or harm to the children if they were to be returned to [his] care." On our de novo review, we disagree.

The father was in jail at the time of his termination hearing. The criminal matter arising from the drug raid had yet to be resolved and he exercised no visitation with his children for four months prior to the termination hearing. The father was not in a position to have the children returned to his custody. Termination pursuant to section 232.116(1)(h) was appropriate.

## III.  *Additional Time for Reunification*

A court may grant a parent additional time to work towards reunification. *See* Iowa Code § 232.104(2)(b). The juvenile court declined to award this relief, citing "the dismal record that has been well-established over the past three years, the pending criminal charges, and the likelihood that one or both parents will be unavailable to parent the children." The court's decision finds support in the record.

In addition to the facts summarized above, a department case manager testified that if the father were released immediately, the department would require him to submit to random drug tests, complete recommended treatment, and remain sober for several months. In the case manager's view, these expectations could not be completed within six months.

Based on this record, we affirm the court's denial of his six-month extension request.

## IV. *Best Interests of the Children*

The father contends termination was not in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). He cites the "strong relationship" with his children and the "negative impact" termination would have on them.

There is no question the father was close to his children. The department case manager acknowledged he was "very interactive with the kids" during visits and "very appropriate." Indeed, before the drug raid, she anticipated the children would "go home probably within a few short months." The raid changed everything. At the time of the termination hearing the case manager testified, "[N]obody knows what is going to happen, if there is going to be any jail time or what is going to be the outcome of that case." Given this uncertainty, termination was in the children's best interests.

We affirm the termination of the father's parental rights to his children.

**AFFIRMED.**